## UNITED STATES ex rel. DI GIORLANDO v. CURREN, Immigration Com'r.

(District Court, S. D. New York. July 21, 1924.)

Aliens ⬦⟞54—Evidence held to sustain exclusion of immigrant claiming citizenship.

Inconsistencies in the testimony offered by an immigrant claiming to have been born in the United States *held* sufficient to sustain a finding that he was not identified as the person named in the birth certificate produced by him, and to warrant his exclusion as an alien.

Habeas Corpus. Petition by the United States, on relation of Gaspare Di Giorlando, against Henry H. Curren, Immigration Commissioner. Writ denied.

Sur habeas corpus upon the exclusion of an Italian alien as in excess of the quota. The alien claimed admission on the basis of citizenship. He swore that since he was two years old he had lived in Girgenti, Italy; that his father's name was Giuseppe, and his mother's Carmela, Carmino; that he was going to his sister, Vincenza, and her husband, Gaspare Di Giorlando. His passport had not been viséd. He said that he had a brother, Pietro, and a sister, Vincenza, and he presented a certified copy of the birth record in Tampa, Fla., showing that on the 17th of December, 1907, there was born a son, Antonino, to Giuseppe Settecase, whose residence was in Alessandro della Rocco, Italy, and Carmela Carmino. He also presented a certificate of baptism from St. Joseph's Church, West Tampa, Fla., of the baptism on June 14, 1909, of this child. The question was whether his identification was sufficient.

In further support of his position there was called the relator herein, Gaspare Di Giorlando, a shoemaker of New York, who testified that the alien had no sister in this country, that he had known his father and mother very well while he lived in Florida, where he was when the alien was born; but he did not know how many brothers and sisters the alien had, nor whether the parents had any children born in the United States, except this boy. The father had had two wives, but the relator's wife was not the alien's sister. The alien was then recalled, and again testified that his sister's name was Vincenza, and her husband's name was Gaspare. She had been born in the United States, and he had never seen her. She was his full sister, and lived in the United States. The mother had been married only once; the father, twice. He had by his first wife a son, Pietro, who was then in Italy. He did not know Gaspare Di Giorlando, his wit-

ness. His mother had a number of children before he was born, Vincenza, Maria, and Pietro. Gaspare said that he knew nothing of the boy, but was willing to take care of him, as his wife's brother was married to the boy's sister, who was in Italy, contrary to what the boy said. One member of the board was for admission, but two voted for exclusion, and the exclusion was affirmed.

Joseph A. Boccia, of New York City, for petitioner.

James C. Thomas, of New York City, for the United States.

LEARNED HAND, District Judge (after stating the facts as above). Where the alien presents documentary evidence on its face identifying him with a person born in the United States, it is always extremely difficult to know when the record will contain sufficient evidence to justify a finding by the board in disavowal of the documents. The case for exclusion in such an event must depend upon inconsistencies, and it is always hard to know just what inconsistencies will be sufficient to raise an issue.

In the case at bar the boy was clearly confused about his family. The certificate of birth says that there was only one other living child when he was born, and the entry does not contain any statement of dead children. He says that his mother had had before him three children, Vincenza, Maria, and Pietro. If so, these were all older than he, and yet they do not appear upon the certificate. Another time he says that his father had a son, Pietro, by a first wife, contradicting his later statement that his father had had none, and apparently confusing this Pietro with his mother's son. He was again wrong in saying that his sister lived in America and was Gaspare's wife.

These confusions may, it is true, be the result of misunderstanding; but I must take the record as it reads. The discrepancies in the alien's own story, together with the contradiction between him and his witness, seem to me to justify a doubt whether the person named in the certificate was the same person as the alien. The motive has now become very strong to use such certificates. It is true that he produced a passport, stating that he was the son of Giuseppe and Carmela Carmino, and had been born in West Tampa; but I have no means of knowing what verification was exacted in order to secure the document. On the whole, it seems to me that there was some evidence

on which the board could find that the identity was not sufficiently established, and the writ must therefore be dismissed.